IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-380-FL

| | |
|---|---|
| ADRIENNE NICOLE DUNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. (DE 22). Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation in the M&R, denies plaintiff's motion, grants defendant's motion, and affirms defendant's final decision.

## BACKGROUND

On February 7, 2014, plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning January 15, 2014. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held April 22, 2016, denied plaintiff's claims by decision entered May 18, 2016. Following the ALJ's denial of her applications, plaintiff timely requested review

before the Appeals Council. The Appeals Council denied plaintiff's request, leaving the ALJ's decision as defendant's final decision. Plaintiff filed this action seeking judicial review.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 15, 2014. At step two, the ALJ found that plaintiff had the following severe impairments: obesity, arthritis, diabetes mellitus, hypertension, depression, and anxiety. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work except that claimant can occasionally stoop and crouch. In addition, the ALJ determined that claimant can tolerate occasional exposure to hazards such as moving machinery and unprotected heights; can understand, remember, and carry out simple instructions, and sustain attention to perform simple, routine, repetitive tasks; can occasionally interact with coworkers but never interact with the public; and cannot perform tasks that require production pace.

At step four, the ALJ concluded plaintiff was unable to perform her past relevant work as a dietary aide. At step five, the ALJ determined that jobs exist in the national economy in significant numbers that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

Plaintiff argues the case should be remanded to defendant on the ground that the RFC determination fails properly to account for plaintiff's obesity. In particular, plaintiff argues that the ALJ failed to consider restrictions noted in a medical visit held July 20, 2015, where the record notes that plaintiff had bilateral knee pain, back pain, had to rest at home when doing housekeeping

4

chores, and that the stairs to her apartment were becoming increasingly difficult to negotiate. Tr. 468, 471.

This argument fails, however, because the ALJ considered plaintiff's restrictions reported at the July 20, 2015, medical visit. See Tr. 40. Indeed, the ALJ included restrictions in plaintiff's RFC to account for bilateral knee pain and back pain. Id. The ALJ's assessment of these restrictions was grounded, in part, in the very July 20, 2015, visit for which plaintiff now seeks additional review. Id. To be sure, the ALJ did not point out that the foregoing limitations were caused by plaintiff's obesity, although the ALJ did note that such symptoms appeared "along with morbid obsdity." Id. In any event, it is irrelevant whether the ALJ undertook to note the cause of plaintiff's limitations, because the ALJ's duty is to determine what functional limitations a claimant suffers and account for such limitations in determining RFC. 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."). It is of no moment whether plaintiff's functional limitations are caused by obesity or something else. In this manner, it cannot be said that the ALJ failed to account for limitations revealed at plaintiff's July 20, 2015, medical visit. See Monroe, 826 F.3d at 189.

Plaintiff's remaining objections pertain to instances where the magistrate judge arguably endeavored to bolster the ALJ's decision by reference to evidence and/or analysis that the ALJ did not rely upon in the first instance. This court recently has emphasized, in a published order, that post hoc rationalization is not a proper basis to affirm an administrative decision. Stokes v. Berryhill, 294 F.Supp.3d 460, 465–66 (E.D.N.C. 2018) (citing Motor Vehicle Mfrs. Ass'n. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983)). Accordingly, where the M&R reasons, in addition to analysis provided by the ALJ, that "Dunston's activities of daily living

5

suggest that her obesity does not limit her functioning more than the RFC found," the court does not adopt that example of post hoc bolstering of the ALJ's decision. See id.

Nonetheless, as held above, where the ALJ considered plaintiff's functional limitations, albeit without expressly attributing such limitations to obesity, and accounted for same in the RFC determination, remand is unwarranted.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the recommendation in the M&R. (DE 21). Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 4th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge